**AVERITT EXPRESS, INC.;**
**Deaton, Inc., Plaintiffs,**

v.

**Commissioner Jim SULLIVAN, Commissioner Charles B. Martin, Commissioner Jan Cook, in their official capacity as Commissioners of the Alabama Public Service Commission; United States of America, Defendants,**

**Civ. A. No. 93–D–1192–N.**

United States District Court,
M.D. Alabama, N.D.

Oct. 1, 1993.

Thomas O. Helton, Chattanooga, TN, Robert Lynn Baker, Nashville, TN, Kim D. Mann, Washington, DC, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Now before the court is the plaintiffs' motion for a temporary restraining order, preliminary injunction, and permanent injunction, filed September 29, 1993, in the words of the plaintiffs, requesting this court to restrain the defendants from taking any other action requiring approval from the Alabama Public Service Commission before the plaintiffs can complete a transfer of interstate and intrastate operating authority, to restrain the defendants from interfering with the rights of the plaintiffs to transfer the operating authority, to restrain the defendants from taking any action against the plaintiffs in retaliation for the plaintiffs resorting to federal court for protection, for enforcement of their rights and immunities, and to restrain the defendants from instigating any litigation in any federal, state, or administrative forum, other than this court.

## FACTS

The plaintiffs, Averitt Express, Inc. and Deaton, Inc., entered into an agreement in approximately January 1991 for Averitt to purchase a portion of Deaton's Alabama certificate authorizing the transportation of goods within the state of Alabama. After withdrawing a pending application to the Alabama Public Service Commission (APSC) to approve the transfer, the plaintiffs filed an application with the Interstate Commerce Commission (ICC) for approval of the transfer. The ICC granted an exemption pursuant to 49 U.S.C. § 11343, subject to protest. Several Alabama motor carriers protested the exemption, but the ICC dismissed their protests as without merit. *See Averitt Express, Inc.—Purchase (Portion) Exemption—Deaton, Inc.* (No. MC–F–19804 June 19, 1991). Because the protests were dismissed, the exemption was allowed to remain in effect.

The Alabama motor carriers appealed the ICC's decision to the Court of Appeals for the Eleventh Circuit. The court of appeals rendered a decision in *North Alabama Express v. Interstate Commerce Commission,* 971 F.2d 661 (11th Cir.1992), *reh'g denied,* 996 F.2d 1072 (11th Cir.1993). In *North Alabama,* the court held that the transaction conveying authority from Deaton to Averitt Express was a "sham," that no change in interstate commerce had occurred as a result of the transaction, and that in effect, the ICC had approved "nothing more than the transfer of intrastate authority." *Id.* at 665. In the view of the circuit court, the ICC has the authority to "order the transfer of intrastate authority only if the intrastate authority has some relationship with the change in interstate commerce resulting from the proposed transaction." *Id.* In rendering its decision, the court of appeals set aside the ICC's order

**380**

to the extent that it "permitt[ed] the transfer of the intrastate routes." *Id.* at 667.

On August 16, 1993, the ICC undertook a de novo review of the case, viewing the Court of Appeals for the Eleventh Circuit's decision not as a final rendering, but as mere guidance to them as they made a final decision concerning whether an exemption was appropriate in this case. *See Averitt Express, Inc.—Purchase (Portion) Exemption—Deaton, Inc.* (No. MC–F–19804 Aug. 16, 1993). In the ICC's view, the circuit court set aside only the order declaring the protests of the exemption meritless and not the order granting the exemption. In light of that conclusion, the ICC has invited the parties to comment on the issue of whether there was a change in operating rights as a result of the transfer. After reviewing the submitted comments, the ICC then proposes to make a final decision whether the exemption is appropriate.

The defendants have filed a petition for writ of mandamus with the Eleventh Circuit, urging the circuit court to reconcile the differences they perceive in what was decided in *North Alabama* and the actions that are being taken by the ICC. No decision has yet been made concerning that petition.

The Eleventh Circuit denied a rehearing of its holding in *North Alabama.* As a result, a previously issued injunction,[1] prohibiting the APSC from taking action against Averitt for operating in Alabama without APSC-granted authority, was dissolved. Without the injunction, Averitt's tractor trailers have been ticketed repeatedly by Alabama authorities, and it has been served with a cease and desist order by the APSC from operating within Alabama without proper authority from the state. The plaintiffs, Averitt and Deaton, now petition the court to temporarily restrain and then to enjoin the actions of the APSC.

## DISCUSSION

■ The court finds that it does not have jurisdiction to issue a restraining order in this situation. 28 U.S.C. § 2342 states in pertinent part:

> The court of appeals has *exclusive* jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—
>
> .    .    .    .    .
>
> (5) all rules, regulations, or final orders of the Interstate Commerce Commission made reviewable by section 2231 of this title and all final orders of such Commission made reviewable under section 11901(j)(2) of Title 49, United States Code.

28 U.S.C.A. § 2342 (West Supp.1993) (emphasis added).

In order to decide the appropriateness of a temporary restraining order or the other requested equitable relief, the court would, of necessity, have to consider the merits of the Eleventh Circuit Court of Appeal's opinion involving the appeal of the ICC order. Section 2342 grants circuit courts, including the Eleventh Circuit, exclusive jurisdiction over matters originating in the ICC. Consequently, this court does not have subject matter jurisdiction over this action.

■ Assuming, *arguendo,* that the court did have jurisdiction, the court, *limited to the facts of this case,* would still be unable to grant the relief sought by the plaintiffs due to 28 U.S.C. § 2283. Section 2283 reads as follows: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by [an] Act of Congress...." 28 U.S.C.A. § 2283 (West 1978). Since the summonses, as well as the cease and desist order, which were issued by the APSC, are all enforceable in the state courts of Alabama by the state of Alabama, the court does not, *in the instant case,* have the authority to enjoin the APSC from enforcing its regulatory orders. To do so, *in the instant case,* would interfere with proceedings in state courts in contravention of section 2283.

■ Lastly, the court finds that even if it had jurisdiction to hear the matter, and if it

---

**1.** The United States District Court for the Middle District of Tennessee issued an injunction prior to the case being removed to the United States District Court for the Northern District of Alabama. From that court, it was transferred here on the basis of proper venue lying in this district.

had the authority to grant the relief sought by the plaintiffs, it would be improper to act. At this time, a petition for a writ of mandamus awaits a ruling in the Eleventh Circuit. It would be improper for the court to order relief affecting a case currently within the breast of the Eleventh Circuit.

Both parties stress that time is of the essence in resolving this situation. According to Rule 21 of the Federal Rules of Appellate Procedure, proceedings for extraordinary writs, such as writs of mandamus, "shall be given preference over ordinary civil cases." Fed.R.App.P. 21. The parties will not be unduly prejudiced by the court not acting at this time to grant equitable relief.

Furthermore, the court is informed that the petition for the writ of mandamus is currently before Judge Edmondson, the active judge who sat on the panel of *North Alabama*, the predecessor of this action. All the issues presented in the complaint before this court are raised in the petition before the Eleventh Circuit.

For reasons explained above, it is hereby CONSIDERED and ORDERED that the plaintiffs' motion for a temporary restraining order and other equitable relief be and the same is hereby DENIED, without prejudice.

The clerk will telephonically notify all attorneys of record of this order and will serve a copy thereof on each attorney by regular mail. Also, the clerk will furnish a copy of this opinion, by facsimile and by regular mail, to the United States Court of Appeals for the Eleventh Circuit, attention Ms. Lucy Snyder, Clerk, so that it may be called to the attention of the panel in *North Alabama*.

DONE and ORDERED.